```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA        :         CRIMINAL ACTION
                                :
          v.                    :
                                :
CHAKA FATTAH, JR.               :         NO. 14-409
```

MEMORANDUM

Bartle, J.                                          January 6, 2015

      Defendant Chaka Fattah, Jr. ("Fattah") has been indicted on twenty-three counts of fraud, theft, and tax-related offenses.  In Count Eighteen the Government charges that on or about September 27, 2011, Fattah, then a resident of Philadelphia, Pennsylvania, filed a federal income tax return for the 2010 tax year that identified a tax due of $51,141. According to the indictment, Fattah willfully failed to pay the tax in violation of 26 U.S.C. § 7203.  Now before the court is the motion of Fattah to dismiss Count Eighteen for improper venue.

      Article III of the Constitution states:  "The trial of all crimes... shall be held in the state where the said crimes shall have been committed; but when not committed within any state, the trial shall be at such place or places as the Congress may by law have directed."  U.S. Const. art. III, § 2,

cl. 3. Similarly, the Sixth Amendment provides that the accused must be tried "by an impartial jury of the state and district wherein the crime shall have been committed."

Fattah argues that venue is improper because his federal income tax return for 2010 was "prepared, signed, and filed in Flemington, NJ." Thus, Fattah contends, the tax payment was due in the District of New Jersey where he filed his tax return, not in the Eastern District of Pennsylvania where the Government has initiated this prosecution.

We note that Fattah's assertion that his 2010 return was prepared, signed and filed in New Jersey appears not as an affidavit but as an unsworn statement as part of a motion. As such it cannot be considered on a motion to dismiss. See United States v. Gillette, 738 F.3d 63, 74-75 (3d Cir. 2013); Fed. R. Crim. P. 47(b). However, even if Fattah's statement is taken as true, it is irrelevant for venue purposes.

Willful failure to pay income tax when due is a crime of omission. Venue is proper for such an offense in the district in which the omitted act should have been performed. See, e.g., United States v. Garman, 748 F.2d 218, 219 (4th Cir. 1984), cert. denied 470 U.S. 1005 (1985). Under 26 U.S.C. § 6151(a), a taxpayer is required to "pay ... tax to the internal revenue officer with whom [his or her] return is filed, and shall pay such tax at the time and place fixed for filing

the return."  The statute fixes the place for filing a return as "the internal revenue district in which is located the legal residence or principal place of business of the person making the return" or the Internal Revenue Service Center serving that revenue district.  26 U.S.C. § 6091(b)(1)(A).[1]

There is no dispute that during the relevant time period Fattah was a resident of Philadelphia, Pennsylvania, which is located in the Eastern District of Pennsylvania.  As a result, under the plain words of the statute Fattah was required to file and pay his taxes in this district.  This court therefore is the proper venue for the charge that he willfully failed to pay his 2010 income taxes.  We have been presented with no authority to suggest that the place where his tax return was prepared or signed controls the location of his trial.

Accordingly, the motion of the defendant to dismiss Count Eighteen of the indictment will be denied.

---

[1]  Neither Fattah nor the Government has supplied the court with any information regarding the relevant Service Center.