IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHAKA FATTAH, JR. | : | NO. 14-409 |

ORDER

AND NOW, this 7th day of January, 2015, it is hereby ORDERED that the motion of defendant Chaka Fattah, Jr. to "Dismiss Either Counts 20 & 21 or Count 19 for Multiplicity" (Doc. # 44) is DENIED.

---

Defendant Chaka Fattah, Jr. has been indicted on twenty-three counts of fraud, theft, and tax-related offenses. In his instant motion Fattah seeks the dismissal of either Count Twenty and Twenty-One or Count Nineteen of the indictment.

Count Nineteen charges Fattah with theft from a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A) arising out of Fattah's alleged submission of two false budgets to the School District of Philadelphia. Fattah was purportedly employed by a contractor of the School District at the time.

Counts Twenty and Twenty-One charge that Fattah committed wire fraud, in violation of 18 U.S.C. § 1343, by emailing the two budgets. Fattah contends that these are multiple charges for the

same conduct and that either Count Nineteen or Counts Twenty and Twenty-One must be dismissed as a result.

An indictment is vulnerable to dismissal for multiplicity when it "charges the same offense in two or more counts and may lead to multiple sentences for a single violation, a result prohibited by the Double Jeopardy Clause." United States v. Pollen, 978 F.2d 78, 83 (3d Cir. 1992). The parties agree that whether several counts charge the "same offense" is controlled by the test set forth by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id.

Count Nineteen charges federal program theft under 18 U.S.C. § 666(a)(1)(A). It requires proof, among other things, that the defendant was acting as an agent of an organization, government, or agency that received at least $10,000 in federal funds in a one-year period. 18 U.S.C. § 666(a)(1)(A), (b). These facts are not required to prove a violation of the wire fraud statute, 18 U.S.C. § 1343, which serves as the basis for Counts Twenty and Twenty-One. Similarly, to prove wire fraud it is necessary to show that the defendant transmitted a writing, signal, or sound in interstate commerce in furtherance of a scheme to defraud. 18 U.S.C. § 1343.

This is not a requirement of § 666. Therefore, in this matter "each provision requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304.[1]

Accordingly, the motion of the defendant is being denied.

BY THE COURT:

/s/ Harvey Bartle III
J.

[1] Fattah also contends that Count Nineteen must be dismissed because its legislative history makes clear that it is intended only "to punish bribery or elected officials and cover city owned agencies 'which administer federal funds'." This argument is without merit.