IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHAKA FATTAH, JR. | : | NO. 14-409 |

MEMORANDUM

Bartle, J.                                                        January 7, 2015

Before the court is the motion of defendant Chaka Fattah, Jr. ("Fattah") to dismiss Count Seventeen of the indictment for failure to state an offense.

Fattah has been indicted on twenty-three counts of fraud, theft, and tax-related offenses.  In Count Seventeen the Government charges that on or about February 15, 2010 Fattah willfully filed a false federal income tax return for the 2009 tax year in violation of 26 U.S.C. § 7206(1).  According to the indictment, Fattah submitted a Form 1040 in which he reported an adjusted gross income of $39,519, which did not include an additional $6,092 in taxable income that Fattah purportedly received.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  Detailed allegations or technicalities are not required.  United

States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007).  Our Court

of Appeals has held that an indictment states an offense if it:

> (1) contains the elements of the offense
> intended to be charged, (2) sufficiently
> apprises the defendant of what he must be
> prepared to meet, and (3) allows the
> defendant to show with accuracy to what
> extent he may plead a former acquittal or
> conviction in the event of a subsequent
> prosecution.

United States v. Bergrin, 650 F.3d 257, 264 (3d Cir. 2011)

(quoting United States v. Kemp, 500 F.3d 257, 280 (3d Cir.

2007)).

An indictment must do more than simply recite in

general terms the essential elements of the offense.  See id.

Similarly, the specific facts alleged in the indictment may not

fall beyond the relevant criminal statute.  Id. at 264-65.

However, "no greater specificity than the statutory language is

required so long as there is sufficient factual orientation to

permit the defendant to prepare his defense and to invoke double

jeopardy in the event of a subsequent prosecution."  Kemp, 500

F.3d at 280 (quoting United States v. Rankin, 870 F.2d 109, 112

(3d Cir. 1989)).  We take as true all well-pleaded factual

allegations set forth in the indictment.  United States v.

Besmajian, 910 F.2d 1153, 1154 (3d Cir. 1990).

Title 26 U.S.C. § 7206(1) makes it a crime to file a false income tax return.  It states:

> Any person who... [w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter... shall be guilty of a felony.

26 U.S.C. § 7206(1).  The parties agree that, in order to convict under this statute, the Government must prove that the defendant made and subscribed to a personal tax return under penalties of perjury that was false as to a material matter and that the defendant subscribed to the return willfully and without the belief that the return was true and correct.

The indictment closely follows the statutory language. It charges in Count Seventeen that Fattah:

> [W]illfully made and subscribed a United States income tax return, Form 1040, for the calendar year 2009, which was verified by a written declaration that it was made under the penalty of perjury and filed with the Director, Internal Revenue Service Center, which defendant FATTAH did not believe to be true and correct as to every material matter, in that the return reported adjusted gross income of $39,519, when in fact, as FATTAH knew, he had received an additional taxable income of approximately $6,092.

The defendant argues that § 7206(1), a perjury statute, is not the appropriate section of the Internal Revenue Code to address the violation alleged here.  According to Fattah, all of the

-3-

representations he made on his 2009 return were literally true.

The Form 1040EZ that Fattah submitted only asks about wages,

salaries, and tips.[1]  However, Fattah maintains that the $6,092

alleged to have been omitted was business income for which there

is no line on the Form 1040EZ for its inclusion.  The Government

does not challenge Fattah's statement in this regard.  Fattah

reasons that merely submitting the wrong form does not amount to

the filing of a false tax return under § 7206(1).  He relies

heavily on the decisions of United States v. Reynolds, 919 F.2d

435 (7th Cir. 1990), and United States v. Borman, 992 F.2d 124

(7th Cir. 1993).

   In Reynolds the defendant was convicted of a number of

crimes arising out of a scheme to defraud a Milwaukee city

development program funded by the U.S. Department of Housing and

Urban Development.  Reynolds, 919 F.2d at 436-37.  He did not

pay taxes on the illegally obtained funds.  The defendant filed

Forms 1040EZ for 1986 and 1987, accurately listing his wages,

salaries, and tips as documented on his Forms W-2 and required

by the 1040EZ.  He also entered his taxable income on Line 7 of

the 1040EZs, which was derived by arithmetic calculations based

---

[1]  We note as a matter of public record that the instructions to
the Form 1040EZ for 2009 list a number of conditions a taxpayer
must meet to be permitted to use the form.  The instructions
limit its use to those who "had only wages, salaries, tips,
taxable scholarship or fellowship grants, unemployment
compensation, or Alaska Permanent Fund dividends, and ...
taxable interest was not over $1,500."

on inputs from other lines on the form.  However, his taxable

income did not reflect the income he had obtained through his

theft from the development program because the 1040EZ did not

ask about it.  The indictment specifically charged the defendant

with filing returns that were not true and correct as to Line 7.

The court held that the defendant could not be

convicted of violating § 7206(1) because he had not made any

false statement in filling in the incorrect tax form.  Id. at

437.  As the court explained:

> [The indictment] charged that line 7,
> specifically, was false, and line 7 is
> derived arithmetically from other lines.
> Section 7206(1) is a perjury statute, and
> literal truth is a defense to perjury, even
> if the answer is highly misleading.
> Bronston v. United States, 409 U.S. 352
> (1973). Using the wrong form does not
> violate § 7206(1).  Hartford-Connecticut
> Trust Co. v. Eaton, 34 F.2d 128, 130 (2d
> Cir. 1929).  If the form has an open-ended
> line calling for § 61 income, and the
> taxpayer leaves some income out, § 7206(1)
> applies.  United States v. Young, 804 F.2d
> 116, 119 (8th Cir. 1986).  Form 1040EZ is
> anything but open-ended, however.

Id.  The court vacated the defendant's tax convictions with

leave for the Government to file charges under different

sections of the Internal Revenue Code.

The Seventh Circuit faced a similar situation once

again in Borman, another case on which Fattah relies.  Borman,

992 F.2d at 125-26.  There two defendants filed Forms 1040A for

the years 1985 through 1987 which, like Form 1040EZ, did not
inquire about business income.  However, the defendants had both
received business income from the manufacture and sale of
seasonal wreaths.  The defendants were charged under § 7206(1),
and the district court dismissed the charges for failure to
state an offense.  Id. at 126.

Relying on Reynolds, the Seventh Circuit affirmed.
Id.  The court explained that under Reynolds, "the untruth must
be found in a statement of some material information called for
by the form itself, and any implication drawn from the filing of
a particular form -- that the taxpayer had received no income
requiring the use of a different form -- is simply not enough."
Id.  The court noted that the more appropriate charges for the
filing of the incorrect form are tax evasion or failure to
supply information required by law.  Id.  Indeed, the court
explained that, to remedy the problem, "[t]he IRS need only add
a single question to its Form 1040A -- e.g., 'did you receive
income of any type not reported on this return?'"  Id.

The Reynolds and Borman decisions are unlike the case
before us.  Most importantly for purposes of § 7206(1), the tax
forms involved in Reynolds and Borman differ substantially from
the 2009 1040EZ that Fattah submitted.  The 1986 and 1987 Forms
1040EZ at issue in Reynolds, which we may consider as matters of

public record, required the taxpayer to make the following

declaration:

> I have read this return.  Under penalties of
> perjury, I declare that to the best of my
> knowledge and belief, the return is true,
> correct, and complete.

The Forms 1040A for 1985, 1986, and 1987 that were the subject

of Borman require a substantially similar declaration, which

states in relevant part:

> Under penalties of perjury, I declare that I
> have examined this return and accompanying
> schedules and statements, and to the best of
> my knowledge and belief, they are true,
> correct, and complete.

The declarations on these forms involved in Reynolds and Borman

thus can reasonably be read to restrict the taxpayer's

certification to the information provided on the forms.

> Significantly, the declaration Fattah signed on his

2009 Form 1040EZ in issue was much broader.  It stated:

> Under penalties of perjury, I declare that I
> have examined this return, and to the best
> of my knowledge and belief, it is true,
> correct, and accurately lists all amounts
> and sources of income I received during the
> tax year.

(Emphasis added).  Fattah, unlike the defendants in Reynolds and

Borman, attested not only that his answers to the questions on

the Form 1040EZ were true but also that the form contained an

accurate accounting of his entire income for the year.  Taking

its cue from Borman, the Internal Revenue Service has extended

the reach of the declaration on the Form 1040EZ to bring the

perjury alleged here within the ambit of § 7206(1).  See Borman,

992 F.2d at 126.   It was this broader declaration that Fattah

signed in which he declared that the Form 1040EZ for the tax

year 2009 "accurately lists all amounts and sources of income I

received during the tax year."   The indictment says he did not

accurately list all his income and specifies the alleged willful

falsehood.

Taking the allegations in the indictment to be true as

we must at this stage, we conclude that Count Seventeen states a

violation of 26 U.S.C. § 7206(1).   Accordingly, Fattah's motion

to dismiss Count Seventeen will be denied.