```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :         CRIMINAL ACTION
                                 :
          v.                     :
                                 :
CHAKA FATTAH, JR.                :         NO. 14-409
```

ORDER

AND NOW, this 9th day of January, 2015, it is hereby ORDERED that the motion of defendant Chaka Fattah, Jr. to dismiss Counts Five through Seven of the indictment (Doc. # 49) is DENIED.

_____

Defendant Chaka Fattah, Jr. ("Fattah") has been indicted on twenty-three counts of fraud, theft, and tax-related offenses. In his instant motion Fattah seeks the dismissal of Counts Five, Six, and Seven of the indictment for judicial estoppel and failure to state an offense.

Count Five charges Fattah with knowingly inducing and procuring a person, Matthew Amato, referred to as "M.A." in the indictment, to make false statements "for the purpose of influencing the actions of PNC Bank upon a $15,000 revolving line of credit to M.A., doing business as Chaka Fattah, Jr. Associates" in violation of 18 U.S.C. §§ 1014 and 2. At Fattah's induction M.A. allegedly represented to PNC Bank that, among other things, the credit line would be used for business purposes when Fattah knew that it would be used "primarily to pay for personal expenses." Count Six and

Count Seven contain similar allegations relating to $25,000 lines of credit at Wachovia Bank and Sun National Bank, respectively.

Fattah argues that these counts must be dismissed because of the doctrine of judicial estoppel.  This is so, he asserts, because Amato gave testimony in a prior bankruptcy proceeding that is inconsistent with the allegations of the indictment.  Thus "Mr. Amato would gain an unfair advantage and would impose an unfair detriment in the upcoming trial if not estopped."

We are bound to take the allegations in the indictment as true at the current stage, and their veracity in light of prior statements of Amato or any other witness is to be decided by the jury at trial.  See United States v. Besmajian, 910 F.2d 1153, 1154 (3d Cir. 1990); United States v. Huet, 665 F.3d 588, 594-96 (3d Cir. 2012).  "Evidentiary questions -- such as credibility determinations and the weighing of proof -- should not be determined at this stage."  United States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011) (quotation marks and alterations omitted).[1]  Judicial estoppel does not apply here

Fattah also maintains that Counts Five through Seven fail to state an offense because they do not allege that he had any

---

[1] We further note that judicial estoppel prevents parties from maintaining inconsistent positions.  See New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  Amato is not a party to this prosecution.  Therefore, even if we were to consider Amato's prior statements, the doctrine of judicial estoppel would be unavailing.

communication with a bank or otherwise participated in a criminal enterprise.  However, the indictment clearly charges Fattah with inducing Amato to make the false statements at issue on a theory of aiding and abetting.  The indictment properly states an offense under 18 U.S.C. §§ 1014 and 2 in Counts Five, Six, and Seven. United States v. Bergrin, 650 F.3d 257, 264-65 (3d Cir. 2011).

For these reasons the motion of Fattah is being denied.


BY THE COURT:


/s/ Harvey Bartle III
                                                                J.