IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHAKA FATTAH, JR. | : | NO. 14-409 |

<u>MEMORANDUM</u>

Bartle, J.                                          January 9, 2015

        Before the court is the motion of defendant Chaka
Fattah, Jr. ("Fattah") to dismiss Count Eight and Count Nine of
the indictment for failure to state an offense.

        Fattah has been indicted on twenty-three counts of
fraud, theft, and tax-related offenses.  In Count Eight the
Government charges that on or about March 5, 2010, Fattah made
false statements concerning a loan insured by the U.S. Small
Business Administration ("SBA") in violation of 18 U.S.C.
§ 1001.  According to the indictment, while attempting to settle
an outstanding debt insured by the SBA, Fattah signed a Form
1160 and Form 770 in which he underreported his monthly income.
He also is alleged to have falsely stated that he was unable to
earn a substantial income and that his business, 259 Strategies,
was no longer extant.  Count Nine charges Fattah with a
violation of § 1001 for similar conduct relating to a different
SBA-insured loan that he took steps to settle on or about
October 11, 2010.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Detailed allegations or technicalities are not required. United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007). Our Court of Appeals has held that an indictment states an offense if it:

> (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.

United States v. Bergrin, 650 F.3d 257, 264 (3d Cir. 2011) (quoting United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007)).

An indictment must do more than simply recite in general terms the essential elements of the offense. See id. Similarly, the specific facts alleged in the indictment may not fall beyond the relevant criminal statute. Id. at 264-65. However, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." Kemp, 500 F.3d at 280 (quoting United States v. Rankin, 870 F.2d 109, 112

-2-

(3d Cir. 1989)).  We take as true all well-pleaded factual allegations set forth in the indictment.  United States v. Besmajian, 910 F.2d 1153, 1154 (3d Cir. 1990).

Title 18 U.S.C. § 1001 prohibits a person from making fraudulent statements or false writings before a federal agency. It states in relevant part:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

18 U.S.C. § 1001(a).  It is Fattah's position that Count Eight and Count Nine do not state an offense under this section because, among other reasons, the SBA form at issue is fundamentally ambiguous.

A question that is fundamentally ambiguous cannot form the basis of an indictment for a perjury-type offense.  United States v. Serafini, 167 F.3d 812, 820 (3d Cir. 1999).  As our

-3-

Court of Appeals has explained, it is ordinarily for the jury to decide what meaning a defendant placed on an ambiguous question. Id.  However, when a question which gives rise to an alleged false statement is "excessively vague or fundamentally ambiguous," the "question may not form the predicate to a perjury or false statement prosecution."  Id. (quoting United States v. Ryan, 828 F.2d 1010, 1015 (3d Cir.1987)).  Such a question is "not amenable to jury interpretation."  Id.  When determining whether a question is fundamentally ambiguous, a court must be careful to consider the context within which the question at issue appears.  See id.

Form 770 exists for the SBA to evaluate the ability of a debtor to repay a debt.  It asks the debtor to make the following certification:

> With knowledge of the penalties for false statements provided by 18 United States Code 1001.... I certify that all the above statements, and all information submitted with this form, are true and correct and that it is a completed statement of all my income and assets, real and personal, whether held in my name or by another.

Box 9 of the form asks for "MONTHLY INCOME."  It has spaces for the debtor to list salary or wages, commissions, other sources of income, and a total figure.

Fattah is charged in Count Eight with having submitted a Form 770 to the SBA on March 5, 2010.  On it he listed $2,500

-4-

in total monthly income, all in the form of salary or wages. The indictment states that his actual monthly income at the time was $6,250 per month.  Fattah again represented his monthly income as $2,500 in the Form 770 alleged in Count Nine to have been submitted on October 11, 2010.  The indictment states that his actual monthly income was approximately $6,250 to $37,500 throughout 2010.

Fattah maintains that the "MONTHLY INCOME" box is fundamentally ambiguous because it is susceptible of several "possible meanings."  It could ask for the present month's income earned as of the date of the application, or it could be the month's total projected income.  It might call for a three-month average, an average of the monthly income over the last calendar year, or even the anticipated income for the following month.

It is true that a form asking for "monthly income," without more, does not call for a mathematically precise answer. However, the key inquiry is not whether there is any ambiguity at all in a question but rather whether it is so fundamentally ambiguous that it is "unreasonable to expect that the defendant understood the question posed." United States v. Ryan, 828 F.2d 1010, 1015 (3d Cir.1987) (quoting United States v. Slawik, 548 F.2d 75, 86 (3d Cir. 1977)), abrogated on other grounds by

United States v. Wells, 519 U.S. 482 (1997).  That is not the case here.

        We must view Box 9 in the context of the Form 770 of which it is a part.  See United States v. Serafini, 167 F.3d 812, 820 (3d Cir. 1999).  The purpose of the form is "[t]o obtain information needed to evaluate [the debtor's] ability to repay [his or her] debt." The term "monthly income" may be subject to different "possible" meanings, but the only interpretation the Form 770 calls for is that which, under the debtor's own unique circumstances, accurately reflects his or her ability to pay his or her debts.  A person earning a steady salary would likely represent his or her monthly income in a different way than an individual whose hours or income fluctuate widely from month to month, but it is reasonable to expect both to understand that the SBA is seeking a snapshot of income on a roughly 30-day timeframe that accurately reflects the debtor's prospective ability to repay a debt.  In our view, any ambiguity in the form is for the jury to decide.  Serafini, 167 F.3d at 820.

        Fattah makes several additional arguments in his instant motion.  Having carefully reviewed them, we conclude that they rest on facts lying beyond the allegations in the indictment or otherwise raise questions appropriately left to the jury.  See United States v. Besmajian, 910 F.2d 1153, 1154

-6-

(3d Cir. 1990); <u>United States v. Huet</u>, 665 F.3d 588, 594-96 (3d Cir. 2012).

Accordingly, we are denying the motion of Fattah to dismiss Count Eight and Count Nine for failure to state an offense.