```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| CHAKA FATTAH, JR. | : | NO. 14-409 |

<u>MEMORANDUM</u>

Bartle, J.                                                           January 28, 2015

Before the court is the motion of defendant Chaka Fattah, Jr. ("Fattah") "for a Trial Continuance and Exclusion of Time Under the Speedy Trial Act" (Doc. # 106).

Fattah has been indicted on twenty-three counts of fraud, theft, and tax-related offenses. Trial is currently scheduled to commence on Monday, March 9, 2015. Fattah, who is proceeding pro se, has filed twenty pretrial motions. The court has ruled on twelve of those motions, including its denial on January 22, 2015 of his "Motion to Quash the Indictment with Prejudice for Perjury Before the Grand Jury and Due to Repeated and Intentional Government Misconduct." <u>See</u> <u>United States v. Fattah</u>, Criminal Action No. 14-409, 2015 WL 289983 (E.D. Pa. Jan. 22, 2015).

On January 23, 2015, Fattah filed a notice of appeal seeking review of the court's decision on that motion (Doc. # 101). That same day he also filed the instant motion for a continuance on the ground that there is pending a notice of appeal. Fattah, in effect, seeks to delay all proceedings in this court, including the

trial.  The initial question before us is whether we continue to have jurisdiction over this case pending the appeal.

Title 28 U.S.C. § 1291 provides for appeals of "final decisions" of the district court in criminal as well as civil actions.  As the Supreme Court explained in Abney v. United States, 431 U.S. 651, 656 (1977), in criminal cases "there has been a firm congressional policy against interlocutory or 'piecemeal' appeals and courts have consistently given effect to that policy.  Finality of judgment has been required as a predicate for federal appellate jurisdiction."[1]  Our order denying Fattah's motion to quash clearly is not a final decision appealable under § 1291, which "ordinarily 'prohibits appellate review until conviction and imposition of sentence' in a criminal case." United States v. Wright, Nos. 13-1766, 13-1767, 13-1768, 2015 WL 106198, at *3, --- F.3d --- (3d Cir. Jan. 8, 2015) (quoting Flanagan v. United States, 465 U.S. 259, 263 (1984)), United States v. Fisher, 871 F.2d 444, 448-49 (3d Cir. 1989); United States v. Johns, 858 F.2d 154, 155 (3d Cir. 1988).

Fattah, in his reply brief, belatedly relies on the collateral order doctrine as described in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47 (1949).  In that diversity case, an order of the district court denied a motion to compel plaintiff to file a security bond in a stockholder's

---

[1] We recognize the Government's right to file an interlocutory appeal in certain situations under 18 U.S.C. § 3731.

-2-

derivative action as required by New Jersey law as a condition for proceeding with the action. The Supreme Court held that the order, although not final under 28 U.S.C. § 1291 or otherwise appealable under § 1292, was nonetheless appealable since the "claimed right ... is not an ingredient of the cause of action and does not require consideration of it." The Supreme Court in a later case explained that an order to be appealable under Cohen "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

The Cohen exception is very strictly construed, especially for defendants in criminal matters. Wright, 2015 WL 106198, at *4. The only orders of which we are aware that fall within the Cohen exception in a criminal action are: orders denying a motion to reduce bail as excessive; orders denying motions to dismiss on double jeopardy grounds; orders denying immunity under the Speech and Debate Clause of the Constitution; and orders directing a defendant to be medicated against his or her will in order to be competent to stand trial. See Stack v. Boyle, 342 U.S. 1, 6 (1951); Abney v. United States, 431 U.S. 651, 659 (1977); Helstoski v. Meanor, 442 U.S. 500, 506-07 (1979); Sell v. United States, 539 U.S. 166, 176 (2006). We also note that the Bail Reform Act provides

under certain circumstances for appeals of orders relating to bail. 18 U.S.C. § 3145.

In contrast to these enumerated situations, this court's order denying Fattah's motion to quash the indictment concerns the merits of the action and can be reviewed, and, if error occurred, rectified, on appeal after any trial and sentencing.  Thus, it is not appealable under Cohen.

While the filing of a notice of appeal ordinarily divests the trial court of jurisdiction, our Court of Appeals has observed that "the notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the district court performed during the interval between the filing of the notice and the dismissal of the appeal."  United States v. Leppo, 634 F.2d 101, 104 (3d Cir. 1980) (citing United States v. Hitchmon, 602 F.2d 689, 691 (5th Cir. 1979)); see also Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985); Allen Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 310-12 (1992).  Otherwise a defendant could delay a criminal proceeding and even disrupt an ongoing trial simply by filing a piece of paper denominated a notice of appeal.  Were the trial court to have its hands tied so easily, it would "leave[] the court powerless to prevent intentional dilatory tactics, foreclos[ing] without remedy the nonappealing party's right to continuing trial court jurisdiction and inhibit[ing] the smooth and efficient

functioning of the judicial process." Leppo, 634 F.2d at 104 (quoting United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979)).

This concern exists here.  Fattah's notice of appeal seeks the review of an order denying his motion to quash the indictment.  In support of his motion he argued in this court among other things that the Government had suborned perjury before the jury, that it committed prosecutorial misconduct in investigating him, that evidence had been seized in violation of the Fourth and Fifth Amendments, and that prosecutors had violated grand jury secrecy.  He did not argue, nor could he, that he would be subject to double jeopardy or one of the other ills for which an interlocutory appeal is permitted under Cohen.  Fattah simply has no right to an interlocutory appeal, and accordingly his notice of appeal is frivolous.

In Leppo the Court of Appeals was faced with the appeal of a denial of a motion to dismiss an indictment where the defendant had claimed double jeopardy.  Leppo, 634 F.2d at 102.  The district court denied the defendant's pretrial double jeopardy motion, and the defendant filed a writ of mandamus in the Court of Appeals.  The Court of Appeals required the district court, before it could continue to proceed, to determine whether the pretrial motion was frivolous since an interlocutory appeal of the denial of a colorable motion to dismiss on double jeopardy grounds is proper as noted

above. Id. at 105. Here, regardless of the merits of the underlying motion to quash, the interlocutory appeal of the denial of the motion is not permitted and is thus frivolous since it does not involve double jeopardy or any other recognized exception to the finality requirement of § 1291. Accordingly, we have focused on the validity of the notice of appeal rather than on the merits of the underlying motion in determining our jurisdiction.

Fattah cites Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), to support his request for a trial continuance during the pendency of that appeal. In Griggs, which was a civil case, the Supreme Court held under an old version of the Federal Rules of Appellate Procedure that a premature notice of appeal is a "nullity" that does not confer jurisdiction on the Court of Appeals. Id. at 61. Griggs is inapposite and clearly does not support Fattah's position.

In sum, Fattah has appealed from a patently nonappealable order. His notice of appeal therefore has no effect on our continuing jurisdiction over this action. Absent a stay from the Court of Appeals, we intend to rule on Fattah's remaining motions and proceed with any trial as scheduled. His motion for a continuance of the trial will be denied.