IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHAKA FATTAH, JR. | : | NO. 14-409 |

ORDER

AND NOW, this 29th day of January, 2015, it is hereby
ORDERED that the motion of defendant Chaka Fattah, Jr. to dismiss
Counts Twenty through Twenty-Three of the indictment for failure to
state an offense (Doc. # 66) is DENIED.

———————————————

Defendant Chaka Fattah, Jr. ("Fattah") has been indicted
on twenty-three counts of fraud, theft, and tax-related offenses.
In his instant motion Fattah seeks to dismiss Counts Twenty through
Twenty-Three which charge him with wire fraud arising out of an
alleged scheme to defraud the School District of Philadelphia.
According to the indictment, while working for a School District
contractor Fattah participated in the sending of false budgets to
the School District that listed inflated salaries and nonexistent
personnel.  He allegedly did so as part of an intentional scheme to
obtain money and property from the School District and from his
employer by fraudulent pretenses.  The School District purportedly
paid the company commensurate with the false budgets, and Fattah
himself eventually received some of the money.

Fattah argues that these counts fail to state an offense for various reasons.  Nowhere in his brief does he make a colorable contention that the indictment did not contain the elements of wire fraud, sufficiently apprise him of what he must be prepared to meet, or allow him to "show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."  United States v. Bergrin, 650 F.3d 257, 264 (3d Cir. 2011) (quoting United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007)).

Instead he maintains in essence that the indictment construes a simple breach of contract as wire fraud.  This position ignores the allegations of the indictment, which we must take as true for present purposes, that Fattah intentionally devised a scheme to defraud the School District.

Fattah also cites a civil case which explained that a false representation that relates to "an existing or pre-existing fact" is a required element of common-law fraud.  See Cavic v. Grand Bahama Dev. Co., Ltd., 701 F.2d 879, 883 (11th Cir. 1983).  He argues that the indictment fails to state an offense because it contains no such false representation of an existing or pre-existing fact.  This position is meritless.  Our Court of Appeals has made clear the elements of a criminal wire fraud under 18 U.S.C. § 1343.  United States v. Morelli, 169 F.3d 798, 806 (3d Cir. 1999).  None of these elements requires the utterance of any statement relating to

an existing or pre-existing fact in the same manner as a common-law fraud.  See id.  Indeed, while there must be a "scheme to defraud," no false statement of any sort is required.  See id.; United States v. Trapilo, 130 F.3d 547, 550 n.3 (2d Cir. 1997), cert. denied, Pierce v. United States, 525 U.S. 812 (1998).

Accordingly, the motion of Fattah is being denied.


BY THE COURT:


/s/ Harvey Bartle III
                                                        J.