IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHAKA FATTAH, JR. | : | NO. 14-409 |

ORDER

AND NOW, this 30th day of January, 2015, it is hereby ORDERED that the motion of defendant Chaka Fattah, Jr. to dismiss Counts One through Four and Count Eleven of the indictment for failure to state an offense and sufficiency (Doc. # 67) is DENIED.

_____

Defendant Chaka Fattah, Jr. ("Fattah") has been indicted on twenty-three counts of fraud, theft, and tax-related offenses. In his instant motion Fattah seeks the dismissal of Counts One through Four and Count Eleven for failure to state an offense and sufficiency.

These counts charge Fattah with making false statements to banks for the purpose of influencing the banks' actions in lending or settling loans in violation of 18 U.S.C. § 1014. According to the indictment, in 2005 Fattah made a number of false representations of his income, business activity, and other matters to four banks for the purpose of convincing the institutions to grant him lines of credit. Count Eleven charges him with making

additional false statements in the course of litigation with one of the banks in 2006.

Count One alleges in part that Fattah supplied a false tax return to the bank listed in that count. According to Fattah, the tax return was actually a genuine copy of the return he filed with the Internal Revenue Service, regardless of the truth or falsity of the figures contained in the return. Contrary to the Government's theory in Count One, he urges, the return contained no implied representation to the bank that its contents were correct. Fattah maintains that Count One is merely an attempted "end-run" by the Government around the statute of limitations for the filing of a false tax return, 26 U.S.C. § 7206(1).

Count One states that "FATTAH claimed, among other things, that [his business] had $140,000 in sales in 2004, that he earned $35,000 in annual personal income, and that he intended to use the proceeds of the loan for working capital for his business. FATTAH also submitted to the bank a copy of a false 2004 federal income tax return." (emphasis added). It is clear that Count One charges the defendant with a number of allegedly false statements in addition to submitting his tax return. Whether the return specifically may support a charge under § 1014 depends on facts and context to be determined by the jury at trial. See United States v. Serafini, 167 F.3d 812, 824 (3d Cir. 1999).

-3-

Having carefully reviewed Fattah's other arguments and the language of the indictment, we conclude that Counts One through Four and Eleven meet the standard for an indictment properly to state an offense. <u>United States v. Bergrin</u>, 650 F.3d 257, 264-65 (3d Cir. 2011).

Consequently the motion of the defendant is being denied.

BY THE COURT:


/s/ Harvey Bartle III
                           J.