```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA         :      CRIMINAL ACTION
                                 :
            v.                   :
                                 :
CHAKA FATTAH, JR.                :      NO. 14-409
```

MEMORANDUM

Bartle, J.                                          February 3, 2015

Defendant Chaka Fattah, Jr. ("Fattah") has been indicted on twenty-three counts of fraud, theft, and tax-related offenses. In his instant motion Fattah seeks to dismiss the indictment because of pre-indictment delay and vindictive prosecution.

Fattah first argues that dismissal is appropriate because the Government improperly waited to bring the indictment until approximately nine years after the earliest alleged misconduct took place. He does not contend that any statute of limitations has been violated but rather that the delay has endangered his right to due process under the Fifth Amendment.

Pre-indictment delay can violate a defendant's right to due process if the defendant "can show both (1) that the delay between the crime and the federal indictment actually prejudiced his [or her] defense; and (2) that the government deliberately delayed bringing the indictment in order to obtain an improper tactical

advantage or to harass him [or her]." United States v. Beckett, 208 F.3d 140, 150-51 (3d Cir. 2000). In this matter, Fattah proffers a wealth of exculpatory evidence that he purportedly would have been able to present had the charges been brought sooner. However, even assuming that Fattah has established prejudice, Fattah makes no non-speculative showing that any delay was a result of a deliberate, improper Government motive. As a result his motion will be denied as to pre-indictment delay.

Fattah also urges that the indictment must be dismissed as a vindictive prosecution brought for the purpose of punishing him for exercising his rights. A defendant may prove a claim of vindictive prosecution either by proffering evidence of actual vindictiveness or, in certain limited circumstances, by showing facts that give rise to a rebuttable presumption of vindictiveness. United States v. Paramo, 998 F.2d 1212, 1220 (3d Cir. 1993). However, the presumption of vindictiveness is unavailable in the context of pretrial charging decisions by the Government. See United States v. Goodwin, 457 U.S. 368, 380-84 (1982); United States v. Oliver, 787 F.2d 124, 126 n.1 (3d Cir. 1986).

Fattah first contends that the indictment, which was handed down on July 29, 2014, was brought in retaliation against his filing a civil lawsuit against the Government in February 2014. In support of this position Fattah describes telephone contact between his then counsel and the Assistant U.S. Attorney around the time the

civil action was initiated.  According to Fattah, the Assistant U.S. Attorney "expressed his frustration" with the civil action and mulled the filing of additional charges which did not ultimately appear in the indictment.

Fattah did not participate in these communications.  His description of them is hearsay and cannot be considered.  Moreover, even assuming that the filing of a civil action is the sort of right protected by the Due Process Clause prohibition on vindictive prosecution, it is clear from the grand jury record previously made available to the court and Fattah that the Government's investigation of him had been ongoing for a period of several years before he filed his complaint.  It is evident that the decision to indict did not emanate solely from Fattah's initiation of a civil action.  "[A] charging decision generally is not impermissible unless it results 'solely' from the defendant's exercise of a guaranteed legal right."  Paramo, 998 F.2d at 1221 (quoting Goodwin, 457 U.S. at 380 n.11).  Fattah's position is without merit.

Fattah also maintains that he has been punished for exercising his right to a jury trial and to hold the Government to its burden of proof.  In essence Fattah contests the inclusion in the indictment of additional charges that were not discussed during plea negotiations.  Here Fattah once again relies on purported communications between his and his father's counsel and the Assistant U.S. Attorney.  We cannot consider this hearsay.  In any

-4-

event, the filing of more charges than anticipated after failed plea negotiations does not violate due process even when the filing is expressly predicated on the defendant's refusal to plead guilty. Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978). "[I]n the 'give-and-take' of plea bargaining, there is no ... element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." Id. at 363.

      Accordingly, the motion of Fattah to dismiss the indictment will be denied.