```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA      :       CRIMINAL ACTION
                              :
         v.                   :
                              :
CHAKA FATTAH, JR.             :       NO. 14-409

<u>MEMORANDUM</u>

Bartle, J.                                    October 15, 2015

        Before the court is Defendant Chaka Fattah, Jr.'s "Motion for Severance of Counts Due to Improper Joinder." Fattah asks the court to split the counts in the superseding indictment into three distinct categories — the first consisting of bank-loan-related offenses, the second consisting of tax offenses, and the third consisting of wire fraud counts. In essence, he seeks three separate trials.

        Fattah is charged in the superseding indictment with one count of bank fraud under 18 U.S.C. § 1344, eight counts of making false statements to obtain loans and one count of making false statements to settle a loan under 18 U.S.C. § 1014, three counts of making false statements concerning loans insured by the Small Business Administration under 18 U.S.C. § 1001, four counts of filing false federal income tax returns under 26 U.S.C. § 7206(1), one count of failing to pay federal income tax under 26 U.S.C. § 7203, one count of theft from a program receiving federal funds under 18 U.S.C. § 666(a)(1)(A), and four

counts of wire fraud under 18 U.S.C. § 1343.  The charged conduct allegedly took place over an approximately seven-year period.

The Fourth Scheduling Order provided that Fattah must file and serve all pretrial motions on or before January 12, 2015.  The March 9, 2015 trial date was subsequently delayed on March 4, 2015 as a result of Fattah's interlocutory appeals.  After the Third Circuit dismissed his appeals, this court rescheduled the trial to begin on October 15, 2015.  It also extended to June 17, 2015 the deadline for pretrial motions "limited to issues relating to recently-disclosed grand jury testimony and the search warrant issued for defendant's Google account."  See Scheduling Order dated June 4, 2015 (doc. # 153).  The motion before us, which was filed on September 8, 2015, is well out of time.

In any event, we conclude that the counts against Fattah are properly joined.  Rule 8(a) of the Federal Rules of Criminal Procedure provides in relevant part that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  The Rule "require[s] a 'transactional nexus' between the items . . . being joined."  United States v. McGill, 964 F.2d

222, 241 (3d Cir. 1992) (quoting United States v. Eufrasio, 935 F.2d 553, 567 (3d Cir. 1991)). Our Court of Appeals has held that joinder is proper under Rule 8(a) when the relevant counts are linked by the rationale that a defendant was engaged in an "enrichment scheme." Id. Further, "[j]oinder of tax and non-tax claims is not unusual." Id.

      The superseding indictment here clearly meets the requirements of Rule 8(a). The charges at the very least are of the same or similar character. We also note that the rules governing joinder are "designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendant[] to a fair trial." Bruton v. United States, 391 U.S. 123, 131 n.6 (1968) (internal citations omitted). Joinder here promotes judicial economy and efficiency and does not subject Fattah to substantial prejudice.

      Accordingly, the instant motion will be denied.