IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERCIA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| CHAKA FATTAH, JR. | : | NO. 14-409 |

MEMORANDUM

Bartle, J.                                                        June 2, 2021

      Before the court is the motion of Chaka Fattah, Jr. for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).

      Fattah was found guilty by a jury of six counts of making a false statement to a bank (18 U.S.C. § 1014), three counts of making a false statement to obtain a bank loan and aiding and abetting (18 U.S.C. § 1014 and § 2), three counts of making false statements concerning loans insured by the Small Business Administration (18 U.S.C. § 1001(a)(2) and (3)), one count of bank fraud (18 U.S.C. § 1344), three counts of filing false tax returns (26 U.S.C. § 7206(1)), one count of failure to pay federal income tax (26 U.S.C. § 7203), one count of theft from a program receiving federal funds and aiding and abetting (18 U.S.C. § 666(a)(1)(A)), and four counts of wire fraud (18 U.S.C. § 1343).

The court sentenced him on February 2, 2016 to five years of imprisonment to be followed by five years of supervised release. Restitution in the amount of $1,172,157 and a special assessment of $2,125 were ordered. The Court of Appeals affirmed. United States v. Fattah, 858 F.3d 801 (3d Cir. 2017). Fattah has now served his prison sentence and completed one year of his supervised release.

Section 3583(e)(1) provides:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The factors outlined in § 3553(a) which the court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established

for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed. See 18 U.S.C. § 3583; U.S. Sentencing Guidelines § 5D.1.1. In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012)(quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)). Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in § 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See § 3583(e)(1).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new,

or unforeseen circumstance" in order to modify or terminate a person's supervised release. Melvin, 978 F.3d at 53. While the court must consider the factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each. Id. at 52-53.

Fattah, currently 38 years old, resides in Philadelphia where according to his petition he works as a full-time independent contractor with a marketing and public relations firm. He is making the modest court-ordered monthly payments toward his special assessment and restitution. He has participated and successfully completed the Drexel Reentry Project — a comprehensive assessment and intervention program designed specifically to meet the needs of offenders reentering the community after incarceration. He states that in May 2020, he handed out food to the needy in Love Park in Philadelphia and purchased food for health care workers at Chestnut Hill Hospital. His probation officer reports that he has maintained compliance with the terms of his supervised release, although at times he has been late with his restitution payments.[1]

---

1. Fattah's petition was not accompanied by an affidavit or declaration. For present purposes, the court will accept as true the facts contained therein except that as noted above his probation officer has advised the court that he has been late at times with his restitution payments.

-4-

Fattah maintains that he is now a law-abiding citizen, maintains a full-time job, has met the conditions of his supervised release, has helped others in need, and is a low risk for recidivism. In addition, he urges that his continued supervised release prevents him from obtaining full-time employment with the marketing and public relations firm with which he works. In his view, supervised release is no longer beneficial.

The court, of course, applauds the strides that Fattah has made during the first year of his supervised release. The court is also mindful of the extensive and numerous financial crimes that Fattah committed over a seven-year period. The School District of Philadelphia was one of his major victims. His crimes took planning and involved deception and fraud. They were integral to his way of life at that time. It is significant that before his imprisonment he had been profligate in his spending habits with debts left unpaid and that at least one point he had a predilection for gambling which resulted in his loss of large sums of money. The court has required Fattah to cooperate with his probation officer in overseeing his financial dealings and has allowed his probation officer to limit his credit card expenditures should he fall behind in his court-mandated payments.

Due to Fattah's history only one year of supervised release is much too short a period to determine if he has been rehabilitated and become fully integrated into the community. After considering all the factors required under § 3583(e)(1), Fattah has not established that his conduct after release from prison and the interest of justice warrant the early termination of his supervised release.

Accordingly, his motion for early termination of his supervised release will be denied.